IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3289-FL

| | |
|---|---|
| ALBERT MARQUAVIOUS LAMAR ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARDEN HERRING, MARK FLEMING, MAURY CORRECTIONAL INSTITUTION, MEDICAL PROVIDER, OFFICER MCKINNON, D. SMITH, JOHN DOE SERGEANT, NURSE WILLIAMS, NURSE JANE DOE, LIEUTENANT MARTIN, JOHN DOE SERGEANT, JOHN DOE 2, NURSE BARNES, ERIK HOOKS, JOHN DOE 3, JANE DOE 1, and OFFICER HARRISON, )<br>)<br>Defendants. ) | ORDER |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on September 21, 2021, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. On December 21, 2021, plaintiff filed amended complaint particularizing his original claims and asserting new claims that arose after he filed the first complaint.[1] The matter is before the court for initial review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and on plaintiff's motions for temporary restraining order (DE 7) and for emergency release (DE 10).

---

[1] The clerk docketed this filing as a motion to propose defendants, but the filing in substance is an amended complaint. As set forth below, the clerk will terminate the motion and correct the docket to reflect that this filing is the operative amended complaint.

## COURT'S DISCUSSION

A.  Plaintiff's motions

The court begins with plaintiff's motions for temporary restraining order and for emergency release. On February 18, 2022, plaintiff filed correspondence indicating that he has been released from imprisonment. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive or declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186–87 (4th Cir. 2009). Accordingly, plaintiff's requests for injunctive relief regarding his conditions of confinement and his motion for early release are dismissed as moot.

B.  Initial review

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet

Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Because plaintiff's amended complaint addresses the claims brought in the original complaint and plaintiff's new claims, the court's initial review is of the amended complaint. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (discussing general rule that "an amended pleading ordinarily supersedes the original and renders it of no legal effect") (internal quotation omitted); Fed. R. Civ. P. 15(a)(1) (providing plaintiff may amend pleading once without leave of court within 21 days of service). Plaintiff raises numerous claims challenging his conditions of confinement at the Maury Correctional Institution during the time period August through September 2021, which the court addresses below.

1. August 24, 2021 claims

Plaintiff's claim that defendants officer Dolo, officer McKinnon, sergeant Lewis, and Jane Doe I failed to protect him from an assault, (see DE 12 at 11–13), survives initial review under § 1915. See Makdessi v. Fields, 789 F.3d 126, 132–33 (4th Cir. 2015) (discussing standard for alleging failure to protect claim under the Eighth Amendment).

Plaintiff also brings numerous claims for deliberate indifferent to his serious medical needs stemming from treatment he received after the August 24 assault. Prison officials' "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). In order to state a claim, the inmate must allege both a serious medical need, and that prison officials were deliberately indifferent to that need. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). With respect to the second component, the deliberate indifference standard requires "that a prison

3

official know of and disregard the objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see Farmer v. Brennan, 511 U.S. 825, 837 (1994). An inmate therefore must establish the prison official's "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Jackson, 775 F.3d at 178 (citing Farmer, 511 U.S. at 837–39).

Plaintiff repeatedly claims that defendants delayed providing medical care until he was transported to the hospital on the evening of August 24, 2021. (See DE 12 at 14–20). Claims involving delayed medical care require allegations establishing that the "delay itself place[d] the prisoner at substantial risk of serious harm, such as where the prisoner's condition deteriorates markedly or the ailment is of an urgent nature." Moskos v. Hardee, 24 F.4th 289, 298 (4th Cir. 2022) (quotations omitted). Plaintiff does not allege that the delay between the assault and his transfer to an outside hospital later that same day placed him at substantial risk of serious harm.

Moreover, the defendant correctional officers were entitled to rely on the medical evaluations of the nurse practitioner and other medical professionals, and, accordingly, their refusal to provide additional treatment does not establish deliberate indifference. Iko, 535 F.3d at 242; see also Moss v. Harwood, 19 F.4th 614, 625 (4th Cir. 2021) ("Because the record indicates that the defendants – again, non-medical personnel – could neither directly provide Moss with medication nor control the speed with which their requested appointments were scheduled, the mere fact of delay, by itself, does not suggest a deliberate choice to ignore risk."); (DE 12 at 14 (correctional officer instructing plaintiff that he must wait for medical staff to evaluate him and provide treatment, and indicating plaintiff was "escorted to medical" several minutes after the assault)). And as noted above, the medical defendants evaluated plaintiff and directed that he be

4

transported to the hospital the same date of his assault. (DE 12 at 14–20). The allegations against the medical defendants do state a claim for deliberate indifference

Plaintiff also challenges his conditions of confinement, primarily that he was handcuffed in a manner that prevented him from cleaning the blood from his nose or that made it difficult or painful to walk, and that he was placed in an unsanitary shower or cell pending his medical evaluation. To establish an Eighth Amendment claim challenging conditions of confinement, plaintiff must allege "both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). As to the objective prong, "a prisoner must [demonstrate] 'a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (quoting Strickler, 989 F.2d at 1381). Plaintiff's conditions of confinement claims do not establish a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of such harm.

Finally, plaintiff alleges defendant officer Johnson neglected to specify plaintiff's pod assignment when calling the emergency code in response to the August 24 assault. (DE 12 at 13). Plaintiff's allegations against defendant Johnson establish that he was at most negligent in calling the emergency code. (See id.). Negligent conduct, standing alone, cannot establish a constitutional claim under § 1983. Morrash v. Strobel, 842 F.2d 64, 67 (4th Cir. 1987) ("A claim under 42 U.S.C. § 1983 will not support a recovery for mere negligence").

5

## 2. August 25-28, 2021, claims

The court next turns to plaintiff's claims challenging the medical care he received after he returned from the hospital on August 25, 2021. (DE 12 at 21–24). Plaintiff's disagreements with medical staff's evaluations and treatment decisions, including whether to house him in the infirmary or provide certain medications, do not establish deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."). And the correctional officer defendants that refused to provide medical treatment while plaintiff waited for appointments with medical staff were not deliberately indifferent for the reasons noted above.

Plaintiff also asserts that defendant nurse practitioner Barnes refused to arrange an appointment for him to see a specialist about the injury to his nose. (DE 12 at 22–23). But plaintiff does not explain how this decision amounted to deliberate indifference or caused him any injury. See Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (discussing causation requirement for constitutional tort claims). And for the same reasons, the allegation that defendant nurse Abdulle did not provide plaintiff with his pain medications does not establish an Eighth Amendment violation.

The court next turns to plaintiff's claims that defendants violated his constitutional rights by verbally harassing him. While the court condemns defendants' alleged statements, verbal harassment does not standing alone establish a constitutional violation. See Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999) ("[A]though [the plaintiff] alleges that individual officers

6

Case 5:21-ct-03289-FL   Document 16   Filed 05/31/22   Page 6 of 9

insulted her with racial epithets, such undeniably deplorable and unprofessional behavior does not by itself rise to the level of a constitutional violation.").

   3.   September 24, 2021, claims

Plaintiff next alleges various claims related to an incident in which he was removed from his cell and his legal property was confiscated. For the reasons explained above, any constitutional claims premised on verbal harassment are without merit. Plaintiff also does not allege a claim for denial of access to the courts where he fails to allege that his attempts to bring a nonfrivolous legal claim were frustrated or impeded. See Lewis v. Casey, 518 U.S. 343, 349–52 (1996); Christopher v. Harbury, 536 U.S. 403, 414–16 (4th Cir. 2002). Nor does plaintiff allege that the confiscation of his legal documents violated his First Amendment rights. See Haze v. Harrison, 961 F.3d 654, 658 (4th Cir. 2020). Finally, plaintiff does not allege a serious or significant physical or emotional injury resulting from defendants' alleged removal of plaintiff's shoes for three days. See De'Lonta, 330 F.3d at 634.

   4.   Supervisory Liability

Plaintiff also asserts claims against defendants Warden Herring and associate warden Mark Fleming, based on their roles as supervisors to the remaining defendants. A claim for supervisory liability requires allegations showing: 1) "the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury"; 2) the supervisor responded so inadequately "as to show deliberate indifference to or tacit authorization of the alleged offensive practices"; and 3) "there was an affirmative causal link" between the supervisor's inaction and the plaintiff's alleged injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (quotations omitted). Plaintiff does not allege facts

7

establishing defendants Herring and Fleming's constructive knowledge of the risk of constitutional injury, or any other elements of the supervisory liability claim.

5. John Doe defendants

The court has dismissed plaintiff's claims against most of the John Doe defendants. Plaintiff's failure to protect claim against defendants Dolo, McKinnon, and Lewis, the only remaining claim in this action, is also alleged against defendant "Jane Doe I." Plaintiff must identify Jane Doe I in order to proceed with any claim asserted against her. See Attkisson v. Holder, 925 F.3d 606, 628 (4th Cir. 2019). After the named defendants file answer(s), the court will enter scheduling order establishing deadlines for discovery and amendment of the pleadings. Plaintiff must identify the defendant Jane Doe I before the deadline for amending the pleadings and file motion to amend the complaint to correct her name by that deadline to avoid dismissal of his claim against her. See id.

6. Official Capacity Claims

Finally, plaintiff brings claims against defendants in the official capacities, and against the Maury Correctional Institution. Plaintiff's damages claims[2] against these defendants are barred by sovereign immunity. See Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997); Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006) (noting that official capacity claims are "in effect, . . . against the governmental entity employing [the defendant]").

---

[2] As noted above, any claims for declaratory or injunctive relief are moot in light of plaintiff's release from imprisonment. See Rendelman, 569 F.3d at 186–87.

8

## CONCLUSION

Based on the foregoing plaintiff's motions for temporary restraining order (DE 7) and for emergency release (DE 10) are DISMISSED without prejudice. The clerk is DIRECTED to terminate plaintiff's motion to propose defendants (DE 12), recharacterize that filing as the operative amended complaint in this action, and correct the docket to reflect the defendants named in the amended complaint. Plaintiff's individual capacity claim against defendants Dolo, McKinnon, Lewis, and Jane Doe 1, for failure to protect plaintiff from an assault, is ALLOWED to proceed. All remaining claims and defendants are DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to proceed in accordance with Standing Order 14-SO-02, which governs service of process in state prisoner civil rights cases. In the event it becomes necessary, the court DIRECTS the United States Marshals Service to proceed with service of process pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 31st day of May, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge