IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3289-FL

| | |
|---|---|
| ALBERT MARQUAVIOUS LAMAR ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JANE DOE 1, SERGEANT LEWIS, )<br>and OFFICER DOLO, )<br>)<br>Defendants.[1] ) | ORDER |

This matter is before the court on plaintiff's response (DE 24) to the court's June 9, 2022, order to show cause, and his motion for production of documents (DE 25).

Plaintiff, a former state inmate proceeding pro se, commenced this civil rights action pursuant to 42 U.S.C. § 1983 by filing complaint on September 21, 2021. On May 31, 2022, the court entered an order and attempted to mail it to plaintiff at his address of record. The order, however, was returned as undeliverable. The court then entered a second order directing plaintiff to show cause why this action should not be dismissed for failure to prosecute, based on his failure to provide an accurate mailing address. Plaintiff did not respond to the show cause order and the court therefore dismissed the action for failure to prosecute on July 12, 2022. Plaintiff, however,

---

[1] The court dismissed formerly named defendants Warden Herring, Mark Fleming, Maury Correctional Institution, Medical Provider, Officer McKinnon, D. Smith, John Doe Sergeant – Blue Unit, Nurse Williams, Nurse Jane Doe, Lieutenant Martin, John Doe Sergeant – Red Unit, John Doe 2, Nurse Barnes, Erik Hooks, John Doe 3, Officer Harrison, NCDPS Medical Provider – Southern Health Partners, Nurse Martin, Sergeant Hutchersin, Officer Anderson, Officer Hill, Nurse Abdulle, Sheila Moore, Joiner, Officer Johnson, Officer Owins, Officer Canard, Sergeant Shirley, Lieutenant Coley, Officer Ghere, Officer Johnson, Sergeant Candelario, and Officer Johnson by separate order entered May 31, 2022.

responded to the order two weeks later, requesting that the court reinstate this action because he did not receive the show cause order due to a mistake by the postal service. Plaintiff also filed the instant motion for production of documents.

The court construes plaintiff's response to the show cause order as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The decision whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The United States Court of Appeals for the Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): 1) to accommodate an intervening change in controlling law; 2) to account for the availability of new evidence; or 3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555; Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Thus, Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." Zinkand, 478 F.3d at 637.

Plaintiff has failed to establish grounds for altering or amending the judgment under Rule 59(e). The court mailed the May 31, 2022, order to plaintiff's address of record on file, and the mailing was returned as undeliverable. (DE 18). The court also entered a show cause order warning plaintiff that the action was subject to dismissal if he did not respond within 21 days. Plaintiff did not respond to the order within the deadline, and the court therefore dismissed this action without prejudice for failure to prosecute. Plaintiff's instant filings do not present new evidence warranting a different outcome. It is plaintiff's responsibility, particularly when he is not incarcerated, to provide the court with an accurate mailing address and otherwise monitor the

progress of the case.  See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 413 (4th Cir. 2010); Francis v. Virginia, No. 91-7126, 1991 WL 153657, at *1 (4th Cir. Aug. 14, 1991) ("Even pro se litigants have a responsibility to monitor the progress of their case and to follow the court's orders"); see also Local Civil Rule 83.3.  The court also observes that both orders were mailed to plaintiff at the address he provided to the court, and the show cause order was not returned as undeliverable.  But even if plaintiff did not receive the show cause order, he was afforded ample time after the order was entered to determine the status of the case.

Based on the foregoing, plaintiff's response to the show cause order (DE 24), construed as a motion to alter or amend the judgment, and plaintiff's related motion for production of documents (DE 25) are DENIED.

SO ORDERED, this the 19th day of January, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge